Brady, J.
This action was brought to recover damages, sustained by personal injuries resulting from the defendant’s carelessness. On the trial, the plaintiff called Dr. Olcott as an expert by whom he had been examined in reference to his condition subsequent to the injuries received. The witness stated several examinations and the condition in which he found the plaintiff on each of such occasions. He was then asked whether he received a statement from him as to how he fell in the car when the injury was received, to which he answered affirmatively. The witness was then asked this question:
“ Did you hear his testimony upon the -fitness stand to-day ?”' to which he responded by saying: “Most of it; yes, sir.” He was then asked the following question:
Q. Take such a fall as he describes here, resulting from a collision of two cars, and of the symptoms following that fall, lie-having theretofore been a sound and healthy man, can you state-with reasonable certainty that the consequences that have flowed are natural and usual ?
It will have been observed that this question is neither hypothetical in any respect-, nor founded upon all that the plaintiff said, but “most of it,” which leaves to conjecture how much of ii the witness considered to be “most of it,” and whether if lie-had heard the whole of it there would have been any qualification of his answer.
It was duly objected to, but was allowed after exception. The answer was predicate of the plaintiff’s statement only so far as the witness had heard it, but was not in form such as allowed. A party must attain the result in form, at least, by adopting a hypothetical question, and this is the extent only to which such an inquiry is allowed. If it were otherwise, the witness would be,, to a certain extent at least, as he was here, allowed to usurp the functions of the jury, who alone are to trace effects to the cause,, as shown by competent proof. For example: A collision of causis proved, and a person in one of them, who before the collision is bodily sound, is found with a broken limb or serious wounds. The injuries are then prima facie the effect of the collision, but the-jury are to determine that question on the evidence; and hence, *565 the examination of the medical attendant is always as to what was the condition of the patient after the accident.
He is not called upon to state whether that condition is the consequence natural and usual of the collision such as described. He may state facts and circumstances, but not conclusions, especially when founded upon evidence heard only in part, but may if an expert be asked for his opinion upon a supposed state of facts presented in a question. The question itself here considered as such is radically defective for the reason that it assumes that the consequences stated “ flowed ” from the collision, when in legal effect it was wholly immaterial whether the consequences were natural and usual if they were present and existed, and whether they were or not was a question for the jury. The cases relating to this line of examination carefully preserve the rights of the party to be affected by it from any infraction of the province of ‘the jury as indicated by the rule which is positive and unyielding, that questions kindred to the one discussed must be put hypothetically or its equivalent and thus leave the facts stated in it to be found by the jury before the evidence elicited can be applied. See Uransky v. D. D., E. B. & B. R. R. Co., 7 N. Y. State Rep., 395 ; Gregory v. N. Y., L. E. & W. R. Co., N. Y. Supplt., vol. 8, p. 525; 28 N. Y. State Rep., 726; Turner v. City of Newburgh, 109 N. Y., 309 ; 15 N. Y. State Rep., 93.
Por these reasons the judgment appealed from must be reversed and a new trial ordered, with costs to abide the event.
Ordered accordingly.
Van Brunt, P. J., and Daniels, J., concur.